IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDEZ INNOVATIVE TECHNOLOGIES, L.L.C., | ) | |
| Plaintiff, | ) | Civil Action No. 07 CV 1397 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| GENERAL MOTORS CORPORATION; ONSTAR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; | ) | Mag. Judge Maria Valdez |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS (REDACTED VERSION)**

Pursuant to Fed. R. Civ. Proc. 37, Plaintiff Fernandez Innovative Technologies, LLC ("Fernandez") moves to compel discovery and for the entry of sanctions against the remaining defendants, General Motors Corporation, OnStar Corporation, and Toyota Motor Sales, U.S.A., Inc. (collectively "Defendants"). Defendants, represented by the same counsel, Kirkland & Ellis LLP, have engaged in a deliberate strategy of subverting discovery in this case. That strategy has included repeatedly producing key documents the day of or the day before depositions in a manner precluding effective examination of the deponents. In this motion, Fernandez specifically requests the Court to:

1.) order Defendants to produce a witness (in Chicago, at Defendants' expense) to testify regarding marketing documents produced by Defendants less than 24 hours before Fernandez' 30(b)(6) marketing deposition of GM/OnStar. The documents were produced in Chicago at 3:09 p.m. central time- after Fernandez' attorney had departed for Detroit to take the deposition);

2.) order that in no event shall Defendants produce any further documents less than one week before remaining depositions;

3.) order Defendants to produce a witness to testify as to the technical aspects of the Lexus website as noticed in topic 5 of Fernandez' 30(b)(6) Notice of Deposition to Toyota;

4.) order Defendants to produce all relevant, non-privileged GM/OnStar financial documents, including forecasting documents.

As set forth fully in the Background section below, for all four of Fernandez' depositions of Defendants' witnesses, Defendants produced relevant documents either the day before or the day of the deposition. These depositions have all been out of state, thus compounding the problems Defendants are causing for Fernandez. **REDACTED PURSUANT TO PROTECTIVE ORDER**.

Pursuant to local rule 37.1, Fernandez has attempted to resolve these issues with Defendants on numerous occasions. On April 25, 2008, counsel for Fernandez, Kara Szpondowski and Tahiti Arsulowicz, personally conferred by telephone with counsel for Defendants, Tiffany Cunningham and Ned Siegel, but the parties were unable to reach an accord. Specifically, Defendants refused to comply with Fernandez request that relevant documents be produced a week in advance. (Exhibits 2 and 3). In the same meet and confer, Defendants refused to designate a 30(b)(6) witness to testify regarding the Lexus website (although Defendants have not produced a competent witness on this topic), or to produce any GM/OnStar financial documents (which Fernandez has repeatedly requested). Fernandez is left with one option: requesting this Court's assistance for each of these matters.

## I. BACKGROUND

For each of Defendants' four witnesses, Defendants have produced documents either at the deposition, the day before, or both.

**A. THE TOMHON DEPOSITION**

Defendants' discovery strategy was first revealed at the deposition of GM/OnStar Rule 30(b)(6) designee on financial topics, Peter Tomhon on Wednesday, March 19, 2008. Defendants waited until the morning of that deposition to produce the relevant documents (Exhibit 4, p. 14, ll: 15-21).

What Defendants produced the morning of the deposition was not "supplemental," "additional," or "corrective" information on the financials of GM/OnStar. It was, and continues to be **the only** financial information produced by GM/OnStar to date:

**REDACTED PURSUANT TO PROTECTIVE ORDER**.

(Exhibit 4, p. 20, ll: 4-9) (referring to documents produced that morning); See also (Exhibit 4, p. 24, ll: 25- p.25, l: 5); See also (Exhibit 4, p. 26, ll: 18-22).

**B. THE AVARY DEPOSITION**

Michelle Avary was a 30(b)(6) witness for Toyota on marketing issues. For Ms. Avary's deposition on April 9, 2008, Defendants produced documents in Chicago on April 8, 2008, after Fernandez' attorney had departed from Chicago to travel to Los Angeles, and then produced more documents the morning of the deposition. (Exhibit 1, p.8, ll: 21-p. 9, l: 6). The documents produced on April 8 were on a disc. (Exhibit 5). Fernandez' attorney in Chicago had to have the documents loaded into Summation software in order to view and print the documents in an efficient manner. Only after these documents were loaded was one of Fernandez' attorneys in Chicago able to fax these documents to the hotel where Fernandez' attorneys were staying in Los Angeles.

Defendants produced even more documents at the deposition. When Fernandez' counsel objected to this behavior, Defendants offered Fernandez' counsel 45 minutes to review the

documents that Defendants produced that morning. As pointed out above, the documents were responsive to requests served **almost a year ago**. (Exhibit 6). **REDACTED PURSUANT TO PROTECTIVE ORDER**.

Fernandez' counsel, nonetheless, attempted to make the best of this situation, and review the documents the morning of the deposition, and then ask about them, along with the documents that were produced the day before the deposition. Just as for the Tomhon deposition, these new documents were not "additional" or "supplemental" documents. They were documents that went to the core of Fernandez' document requests. **REDACTED PURSUANT TO PROTECTIVE ORDER**.

Also, many of the faxed documents were illegible, which rendered it impossible for Fernandez' counsel to ask about them. (Exhibit 1, p. 143, ll: 24- p. 144, l: 2); See also (Exhibit 1, p. 154 and p. 13-15).

**C. THE INOUYE DEPOSITION**

Brian Inouye was Toyota's 30(b)(6) witness on technical issues. The Inouye deposition was on April 10, 2008, the day after the Avary deposition. **REDACTED PURSUANT TO PROTECTIVE ORDER**. However, at the end of the day, after the Avary deposition had ended, Defendants' counsel handed Fernandez' counsel two more documents, directly relevant to the Inouye deposition, that had not yet been produced. (Exhibits 7 and 8). Defendants waited for the whole day to pass, to deprive Fernandez' counsel of even a few more hours with relevant documents before the Inouye deposition.

**D. THE LEXUS WEBSITE**

Defendants have refused to produce a witness who can testify on topic 5 of the 30(b)(6) Notice of Deposition to Toyota. (Exhibits 2 and 3). Topic five states, "The functionality, use and

operations of each Toyota Accused Product with respect to the subject matter of the patents-in-suit." (Exhibit 9, p. 4). Fernandez has accused Toyota's Advanced Services functionality of infringement. **REDACTED PURSUANT TO PROTECTIVE ORDER**.

**E. THE YOUNG DEPOSITION**

Andrew Young was GM/OnStar's 30(b)(6) witness on marketing topics. Mr. Young was deposed on Friday, May 2, 2008. The Young deposition demonstrated, for the fourth time, Defendants' deposition protocol. Yet again, Defendants waited until the day before the deposition, when Fernandez' counsel was already on a plane to Detroit, to produce 207 pages of documents relevant to that deposition. (Exhibit 11). A week earlier, Fernandez' counsel had made an attempt in a meet and confer to prevent this situation from occurring yet again, by requesting that Defendants produce documents at least a week in advance of a deposition. (Exhibit 3). Fernandez' counsel did not receive these documents until the morning of the deposition, when Defendant's attorney brought them to the deposition. Fernandez' counsel proceeded to take the deposition as planned, starting at 9:00 a.m. and asking about the documents Fernandez' counsel had already reviewed. The deposition took the full seven hours. At the end of the day, Fernandez' counsel reserved the right to take the deposition of Mr. Young regarding the new documents on which Fernandez' counsel did not have an opportunity to depose Mr. Young.

**F. THE DOCUMENTS**

**REDACTED PURSUANT TO PROTECTIVE ORDER**.

Fernandez has requested these documents repeatedly, starting with interrogatories 12-14 (Exhibit 12, p. 11-12) and document requests 23, 25, 41, 46 and 47. (Exhibit 13, p. 7, 9 and 10). Particularly, in document request 47, Fernandez has requested all documents and materials which explain the basis and analysis for the opinions of each of Defendants' experts. Forecasting is

relevant to the hypothetical negotiation; something on which a damages expert will inevitably opine. In addition to these requests, Fernandez requested this information in a letter after the Tomhon deposition. (Exhibit 14). Fernandez yet again requested this information during the meet and confer on April 25, 2008, to no avail. (Exhibit 3).

## II. ARGUMENT

Under Fed.R.Civ.P. 26(b)(1) "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Information need not be admissible at trial; it is sufficient if the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Id. If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper. Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). There is a strong policy for a "broad type of discovery and duty of full disclosure" in patent cases, in order to educe the "maximum amount of evidence" Natta v. Zletz, 405 F.2d 99, 100 (7th Cir. 1968). The court has broad discretion in matters relating to discovery, including whether to grant a motion to compel. Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998); Gile v. United Airlines, Inc., 95 F.3d 492,495-96 (7th Cir. 1996).

Further, “District courts are given wide latitude in fashioning appropriate sanctions for inappropriate behavior.” Puckett v. Tandem Staffing Solutions, Inc., 2007 U.S. Dist. LEXIS 47287, *1 (N.D. Ill. June 27, 2007). (Exhibit 15). The sanction should be appropriate to the offense. Id. This authority is granted to the court either under Fed.R.Civ.P. 37(b)(2) or the inherent power of the court. Id. at *2. “The failure to disclose is properly remedied by an order compelling discovery.” Id. at *5 *citing* Fed.R.Civ.P. 37(a)(2)(B). As for sanctions, “the Court is given broad discretion to choose the appropriate sanction for discovery violations given the

unique factual circumstances of the case." Mortgage Recruiters Inc. v. Metropolitan Mortgage Co., 2003 U.S. Dist. LEXIS 10145, *6 (N.D. Ill. June 17, 2003). (Exhibit 16). Also, non-dismissal sanctions generally no not require clear and convincing evidence. Maynard v. Nygren, 332 F.3d 462, 469 (7th Cir. 2003). Discovery sanctions are intended to serve one or more purposes: "(1) to ameliorate the prejudice caused to an innocent party by a discovery violation; (2) to punish the party who violates his or her obligations; and/or (3) to deter others from committing like violations." Danis v. USN Commun., Inc., 2000 U.S. Dist. LEXIS 16900, *93 (N.D. Ill. Oct. 23, 2000). (Exhibit 17).

**A. ORDERING DEFENDANTS TO PRODUCE DOCUMENTS AT LEAST A WEEK IN ADVANCE OF A DEPOSITION IS APPROPRIATE GIVEN DEFENDANTS' PRIOR CONDUCT AT EACH DEPOSITION TO DATE**

Defendants have proved, with a track record of four-out-of four depositions, that they cannot be trusted to produce documents relevant to a deposition any time sooner than the day before the deposition, and/or minutes before the deposition.

Therefore, because Defendants refuse to follow the Federal Rules of Civil Procedure, it has become necessary for Fernandez to request that this Court impose a special rule on Defendants. That is, that Defendants search for and produce all relevant, responsive documents, at least a week before the remaining two depositions. The relevant document requests were served on May 30, 2007. (Exhibit 13).

**B. GRANTING FERNANDEZ AN OPPORTUNITY TO DEPOSE MR. YOUNG ON DOCUMENTS THAT WERE UNTIMELY PRODUCED IS APPROPRIATE**

The Young deposition occurred after the meet and confer in which Fernandez' counsel requested Defendants produce all relevant documents a week before the deposition. Yet, for the fourth time, Defendants again produced documents the day before the deposition, after

Fernandez' counsel departed for Detroit for this deposition. Therefore, it is an appropriate remedy for this Court to order Defendants produce Mr. Young in Chicago, at Defendants expense, to be deposed on the new documents. This would not only be an appropriate remedy as a motion to compel, but it would also serve the three purposes a discovery sanction is intended to serve by giving Fernandez' counsel an opportunity to have a witness testify on relevant documents, thwarting the inappropriate discovery tactics of Defendants, and deterring them and others from further violations of Rule 34.

### C. ORDERING DEFENDANTS TO PRODUCE A WITNESS TO TESTIFY AS TO TOYOTA'S 30(b)(6) NOTICE, TOPIC 5, REGARDING THE WEBSITE IS APPROPRIATE AS DEFENDANTS HAVE NOT YET DONE SO

Defendants must produce a witness for Toyota's 30(b)(6) notice, topic 5, and they have not yet done so. Fernandez has requested that Defendants designate someone to no avail. Thus, it has become necessary for Fernandez to seek this Courts assistance in ordering Defendants to do so.

**REDACTED PURSUANT TO PROTECTIVE ORDER**.Essentially, Fernandez was denied a 30(b)(6) witness from Toyota to testify regarding the website as it relates to topic 5.

This is improper. "Courts have required parties to redesignate a corporate representative to testify where a witness initially chosen was unable or unprepared to testify." Wachovia Securities, LLC v. NOLA, LLC, 2008 U.S. Dist. LEXIS 12374, *10 (N.D. Ill. Feb. 14, 2008). (Exhibit 18). *See also* Buycks-Roberson v. Citibank Fed. Savings Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995) (Holding that defendant had a duty to provide a witness or witnesses with the required knowledge to testify regarding 30(b)(6) topics); *See also* MCI WorldCom Network Serv. v. Atlas Excavating, Inc., 2004 U.S. Dist. LEXIS 2736, *6 (N.D. Ill. 2004) ("Even though Dillon was mostly qualified and the deposition was by no means futile, defendant's failure to

fully prepare him to testify violates Rule 30(b)(6)"). (Exhibit 19). Fernandez has requested a witness on all topics in the 30(b)(6) notice to Toyota. **REDACTED PURSUANT TO PROTECTIVE ORDER**. Just as courts in this district have done, this Court should order Defendants to designate a witness regarding the website as it relates to topic 5 of Fernandez' 30(b)(6) to Toyota.

**D. THE DOCUMENTS SOUGHT ARE RELEVANT AND FERNANDEZ' COUNSEL HAS REPEATEDLY REQUESTED THEM**

The GM/OnStar financial documents that Fernandez has repeatedly requested, beginning on June 1, 2007 and most recently on the meet and confer April 25, 2008 are relevant and "the burden to show why a particular discovery request is improper rests upon the objecting party." Puckett v. Tandem Staffing Solutions, Inc., 2007 U.S. Dist. LEXIS 47287, *1 (N.D. Ill. June 27, 2007). (Exhibit 15). **REDACTED PURSUANT TO PROTECTIVE ORDER**.

However, that is not a justification for denying Fernandez' request for the original, relevant documents. Fernandez is entitled to the originals. "A party must produce documents as they are kept in the usual course of business or must organize them and label them to correspond to the categories in the request." Fed.R.Civ.P. 34(b)(2)(E)(i), *Producing the Documents or Electronically Stored Information*. The rule does not offer the option of producing a summary of those documents. A party must either produce **the documents** as they are kept or a party must organize **the documents** to correspond to categories in the request. Courts have interpreted this rule to require not only that the documents are produced as they are kept in the usual course of business, but even in the same format. Hagenbuch v. 3B6 Sistemi Elettronici Industriali, 2006 U.S. Dist. LEXIS 10838, *7-*8 (N.D. Ill. Mar. 8, 2006) (Granting plaintiff's motion to compel the production of electronic data and holding that Defendants' production of TIFF documents containing similar data was insufficient.). (Exhibit 20). Here, Defendants have refused to do

either. Fernandez is entitled to more than Defendants narrow selection of what they have deemed relevant to this litigation. For reasons stated in the background section, Fernandez requests that this Court order Defendants to produce the financial documents Fernandez has requested.

The specific subset of financial documents relating to forecasting was covered in Fernandez discovery requests. Defendants have failed to meet their burden of why they should not comply with this discovery request. Fernandez therefore request that this court order Defendants to produce forecasting documents.

## III. CONCLUSION

For the reasons set forth above, Fernandez respectfully requests the Court to order the relief Fernandez has requested in this motion.

Respectfully submitted,

/s/ Tahiti Arsulowicz_________
Raymond P. Niro
Paul K. Vickrey
Patrick F. Solon
Kara L. Szpondowski
Tahiti Arsulowicz
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Plaintiff,*
*Fernandez Innovative Technologies, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS** was electronically filed with the Clerk of the Court using CM/ECF system on this 12th Day of May, 2008.

***Attorneys for General Motors, OnStar Corporation and Toyota Motor Sales, USA, Inc.***
Craig D. Leavell, Esq.
Tiffany P. Cunningham
Lydia E. Wahlke
Kirkland & Ellis LLP
200 E. Randolph Street
Chicago, Illinois 60601
Fax: (312) 861-2200
cleavell@kirkland.com
tcunningham@kirkland.com
lwahlke@kirkland.com
jhickey@kirkland.com

***Attorneys for Toyota Motor Sales U.S.A., L.L.C.***
John Flock
Thomas R. Makin
Kevin J. Prey
Kenyon & Kenyon
One Broadway
10th Floor
New York, NY 10004
Fax: (212) 425-5288
jflock@kenyon.com
kprey@kenyon.com
tmakin@kenyon.com

/s/ Tahiti Arsulowicz