**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FERNANDEZ INNOVATIVE TECHNOLOGIES, L.L.C. | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | Civil Action No. 07 CV 1397 |
| v. | ) ) | Judge Virginia M. Kendall |
| GENERAL MOTORS CORPORATION; ONSTAR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; | ) ) ) ) | |
| Defendants/Counter-Plaintiffs. | ) ) | |

**PARTIES' JOINT STIPULATION AND AGREED MOTION FOR JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 6,963,899 PURSUANT TO FRCP 54(B)**

1. Plaintiff Fernandez Innovative Technologies, L.L.C. ("Plaintiff") and defendants General Motors Corporation, OnStar Corporation, and Toyota Motor Sales, U.S.A., Inc. (collectively "Defendants"), each by counsel, jointly stipulate and move for entry of summary judgment of noninfringement pursuant to Federal Rule of Civil Procedure 54(b), on the terms and conditions set forth herein.

2. In this patent infringement action, Plaintiff asserted claims 1-4 and 7-8 (the "Asserted Claims") of U.S. Patent No. 6,963,899 (the "'899 patent") against Defendants. Plaintiff's complaint included allegations that Defendants' "OnStar system" and "Lexus Link system" infringed the '899 patent.

3. Defendants deny infringement, and also assert affirmative defenses of invalidity and unenforceability of the '899 patent.

4. Following extensive briefing, this Court conducted a *Markman* hearing on February 27, 2008, during which time the Court considered the briefing of the parties and heard oral argument.

5. On May 23, 2008, the Court issued its Memorandum Opinion and Order construing, among other terms, the disputed terms of the '899 patent (the "Claim Construction Order"). One of the disputed terms was "messages," which this Court construed to mean "communications whose content is commercial, promotional or marketing in nature, in the form of symbol, audio, text, still image, video, or other media content or signal." Another of the disputed terms was "the interface receiving first network signal according to the classified set" which this Court construed to mean "the client interface receives a message through the network from the server, the message having been selected and sent by the server based on the classification of the client interface into the set," wherein the term "message" in this construction has the same meaning as provided above.

6. The parties stipulate that, based on the claim construction of the Court, including the construction of "messages" and "the interface receiving first network signal according to the classified set," no Defendant infringes or has infringed any of claims 1-4 and 7-8 of the '899 patent, either literally or under the doctrine of equivalents.

7. Accordingly, while all parties explicitly reserve all appellate rights, the parties hereby stipulate to, and request entry of final judgment under Rule 54(b) of, noninfringement as to claims 1-4 and 7-8 of the '899 patent, as construed by this Court, as to all Defendants.

8. This stipulation shall not limit the parties' ability to assert all defenses in any future dispute, including res judicata, collateral estoppel, issue preclusion, and claim preclusion for any

products (including the use thereof) that were, or could have been, accused of infringing any claim of the '899 patent.

9. The parties stipulate that all counterclaims by the Defendants with regard to declaratory judgment of alleged non-infringement, invalidity, and/or unenforceability of the '899 patent, be dismissed without prejudice. The parties stipulate that this dismissal of Defendants' counterclaims does not constitute a voluntary dismissal of the Defendants' counterclaims for purposes of Federal Rule of Civil Procedure 41(a)(1).

10. Defendants reserve all rights in their counterclaims and defenses. Plaintiff reserves all its rights in its defenses to counterclaims.

THEREFORE, the parties hereby jointly move the Court for final judgment of non-infringement as to claims 1-4 and 7-8 of the '899 patent, either literally or under the doctrine of equivalents and that, while it is understood that the Defendants have additional noninfringement arguments, invalidity arguments, equitable arguments, and other defenses and counterclaims, there is no need to reach these issues in view of the noninfringement judgment so the parties move the Court to dismiss all counterclaims by the Defendant without prejudice. A Proposed Order is attached as Exhibit A.

**APPROVED AS TO FORM AND CONTENT:**

*Fernandez Innovative Technologies, L.L.C.*

*General Motors Corporation*
*OnStar Corporation*
*Toyota Motor Sales U.S.A., Inc.*

_____
Paul K. Vickrey
Richard B. Megley, Jr.
Kara L. Szpondowski
NIRO, SCAVONE, HALLER & NIRO, LTD.
181 W. Madison Street, Suite 4600
Chicago, IL  60602-4515

_____
John T. Hickey, Jr., P.C.
Craig D. Leavell
Tiffany P. Cunningham
Lydia E. Wahlke
Edward M. Siegel
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL  60601

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PARTIES' JOINT STIPULATION AND AGREED MOTION FOR JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,963,899 PURSUANT TO FRCP 54(B)** was electronically filed with the Clerk Of The Court using CM/ECF system on this 15th day of July 2008.

*Attorneys for General Motors, OnStar Corporation and Toyota Motor Sales, USA, Inc.*
Craig D. Leavell, Esq.
Tiffany P. Cunningham
Lydia E. Wahlke
Kirkland & Ellis LLP
200 E. Randolph Street
Chicago, Illinois  60601
Fax:    (312) 861-2200
tcunningham@kirkland.com
lwahlke@kirkland.com
jhickey@kirkland.com

*Attorneys for Toyota Motor Sales U.S.A., L.L.C.*
John Flock
Thomas R. Makin
Kevin J. Prey
Kenyon & Kenyon
One Broadway
10th Floor
New York, NY 10004
Fax:    (212) 425-5288
jflock@kenyon.com
kprey@kenyon.com
tmakin@kenyon.com

/s/ Kara L. Szpondowski